UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JIMMIE SMITH, JR.** | **CIVIL ACTION NO.** |
| **PLAINTIFF** | |
| **VERSUS** | **JUDGE** |
| **AMERICAN SUGAR REFINING, INC.** | |
| **DEFENDANT** | **MAGISTRATE** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendant American Sugar Refining, Inc. ("ASR"), without waiving and specifically reserving any and all rights, defenses, objections and exceptions, hereby gives notice of its removal of the above-captioned matter from the 34th Judicial District Court, Parish of St. Bernard, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, and respectfully represents as follows:

## BACKGROUND

### I.    The Present Class Action Suit

1.

Plaintiff Jimmie Smith, Jr ("Plaintiff") filed the present suit – a "Class Action Petition for Damages" ("Class Petition") – against ASR on or about August 25, 2021 in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana (*Smith v. American Sugar Refining, Inc.*, No. 21-1185). A copy of the Class Petition is attached hereto as Exhibit A, p. 1.

2.

Plaintiff is the only named plaintiff in the Class Petition, and ASR is the only named defendant in the Class Petition.

3.

Plaintiff alleges that he is "a person of the full age of majority of the Parish of St. Bernard, State of Louisiana, residing and domiciled at 105 Llama Dr. in Arabi, Louisiana." Class Petition, ¶ 1. He also alleges that ASR is a "foreign corporation domiciled in the State of Delaware and licensed to do and doing business in the State of Louisiana." *Id.*, ¶ 2.

4.

The Class Petition contends that ASR "owned and operated a sugar refinery located at 7417 N. Peters Rd. in Arabi, Louisiana, all of which is contained in the Parish of St. Bernard ('the Domino Sugar Refinery')." *Id.*, ¶ 7. "On or about August 27, 2020 at approximately 4:00 o'clock p.m., a massive fire occurred at one of the silos at the Domino Sugar Refinery which released harmful and hazardous substances that were subsequently disbursed throughout the area." *Id.*, ¶ 8.

5.

Plaintiff asserts that ASR is liable under two different legal theories. In Count I, Plaintiff claims that ASR is liable for negligence and other related theories (La. Civ. C. arts. 2315, 2316, 2317, and 2317.1). *Id.*, ¶ 10. In Count II, Plaintiff brings a claim based on nuisance. *Id.*, ¶ 15.

6.

Plaintiff brings these claims on behalf of himself and a putative class under La. C.C.P. art. 591, *et seq.,* defined as "All persons, natural or juridical, domiciled in and/or residing in the Parishes of St. Bernard and/or Orleans, State of Louisiana, who have sustained legally cognizable damages in the form of physical and emotional damages, nuisance, trespass, and interference with the enjoyment of their properties, as a result of the fire and/or emissions from the Domino Sugar Refinery on or around August 27, 2020 into and/or onto their persons and/or properties. . . ." Class Petition, ¶ 18.

7.

In the Class Petition, Plaintiff alleges wide-ranging injury. He claims that he "and all those similarly situated, were disturbed and inconvenienced by the incident described herein and sustained physical and emotional injuries as a result of the fire. The smoke emissions from the fire trespassed onto plaintiffs' respective properties thereby causing a nuisance, interference, frustration, inconvenience and loss of enjoyment in their property." *Id*., ¶ 9.

8.

As damages, Plaintiff seeks "physical and emotional damages, including, but not limited to fear, fright, anxiety, emotional distress, as well as inconvenience and frustration." *Id*., ¶ 14. He also seeks "property damage." *Id*., ¶ 16.

9.

The allegations in the Class Petition concerning the "harmful release of chemicals*," Id.*, ¶ 9, and the discovery requests that Plaintiff served with the Class Petition indicate that Plaintiff and the putative class will seek damages for bodily injuries resulting from alleged chemical exposure, in addition to emotional damages and property damage. *See* Exhibit A, p. 20 (e.g., Plaintiffs' Interrogatory No. 11, seeking information related to the type and quantity of the chemicals that were allegedly released during the fire incident).

## II.  The Related Mass Joinder Suit

10.

On August 25, 2021, forty-eight (48) individual plaintiffs ("Mass Joinder Plaintiffs") filed a "Petition for Damages" (the "Mass Joinder Petition") against ASR in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, concerning the exact same alleged "massive fire" incident that is at issue in the Class Petition and presenting the identical allegations about

injury and damages as the Class Petition (*Alkurd v. American Sugar Refining, Inc.*, No. 21-1184). A copy of the Mass Joinder Petition is attached hereto as Exhibit B.

11.

The Mass Joinder Petition states that each plaintiff was "disturbed and inconvenienced as a result of the [August 27 2020, fire incident], shelter-in-place order, and/or harmful release of chemicals." Mass Joinder Petition, ¶ 9.

12.

As in the Class Petition, the Mass Joinder Plaintiffs assert that ASR is liable under two different legal theories. In Count I, plaintiffs claim that ASR is liable for negligence and other related theories (La. Civ. C. arts. 2315, 2316, 2317, and 2317.1). *Id.*, ¶ 10. In Count II, plaintiffs bring a claim based on nuisance. *Id.*, ¶ 15.

13.

The Mass Joinder Plaintiffs allege and seek the same damages as set out in the Class Petition – physical and emotional damages, including, but not limited to fear, fright, anxiety, emotional distress, inconvenience and frustration, as well as property damage. *Id.*, ¶¶ 9, 14 and 16.

## **DIVERSITY JURISDICTION**

**I. Diversity Jurisdiction Under 28 U.S.C. § 1332(a)**

14.

Under 28 U.S.C. § 1332(a), diversity jurisdiction exists in this putative class action suit because Plaintiff and ASR are citizens of different states and the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

**A.     Citizenship**

15.

Plaintiff is and was a citizen of the State of Louisiana, both at the time of filing the suit and at the time of removal. *See, e.g.,* Class Petition, ¶ 1.

16.

ASR is and was a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Florida, both at the time of the filing of suit and at the time of removal, and, therefore, is a citizen of the States of Delaware and Florida. *See, e.g., Id.,* ¶ 2.

**B.     Amount in Controversy**

17.

Furthermore, the amount in controversy, exclusive of interest and costs, exceeds $75,000 because Plaintiff's alleged damages and attorney's fees, separately or in combination, are above this jurisdictional threshold.[1]

18.

In a putative class action such as this that is brought under La. C. Civ. P. art. 591, *et seq.*, the amount in controversy threshold is met under 28 U.S.C. § 1332(a) if the damages for the named plaintiff's individual claim and the attorneys' fees for the class, either separately or in combination, exceed $75,000, exclusive of interest and costs. *Grant v. Chevron Phillips Chem. Co.,* 309 F.3d 864, 868 (5th Cir. 2002).

---

[1] To be clear, ASR denies liability and/or that Plaintiff and the putative class are entitled to any recovery. The numbers outlined below for potential damages and attorneys' fees are merely what Plaintiff has placed in controversy with the allegations in the Class Petition. ASR reserves any and all rights to contest, both factually and legally, that these numbers have any relevance to the present matter.

1.     **Plaintiff's Damages Allegations**

19.

With regard to Plaintiff's potential damages, he does not specify a particular monetary figure. However, as noted, he asserts that the alleged fire at the ASR facility was "massive" and "released harmful and hazardous substances that were subsequently disbursed throughout the area." Class Petition, ¶ 8. He seeks damages of every type – "physical and emotional damages, including, but not limited to, fear, fright, anxiety, emotional distress, as well as inconvenience and frustration." *Id*., ¶ 14. He also seeks "property damage." *Id*., ¶ 16.

20.

These types of damages can be substantial as noted by the following examples.

21.

Awards for "fear and fright" of latent disease caused by exposure to environmental contaminants claims have a wide range in Louisiana, depending on what diseases or effects a plaintiff is particularly concerned with contracting as a result of an alleged exposure. However, some awards have been far from nominal. *Bonnette v. Conoco, Inc.* 837 So.2d 1219 (La. 01/28/2003) ($30,000); *Lester v. Exxon Mobil Corp.,* 120 So. 3d 767 (La. App. 4 Cir. 06/26/2013) ($40,000 to $50,000); *Lemaire v. CIBA-GEIGY Corp.*, 1999 1809 (La. App. 1 Cir. 6/22/01), 793 So. 2d 336 ($40,000); *In Re New Orleans Train Car Leakage Fire,* 795 So.2d 364 (La. App. 4 Cir. 06/27/2001) ($5,500 to $116,800).

22.

Likewise, some awards for mental anguish resulting from a fire event have been significant. *Shubert v. Tonti Development Corporation*, 90-348 (La. App. 5 Cir. 12/29/09); 30 So. 3d 977 ($15,000 to $25,000 for mental anguish as a result of a fire in an apartment building even though the plaintiffs were in no immediate danger at time of fire).

23.

In addition, as noted above, Plaintiff's allegations and discovery requests indicate that the plaintiffs will seek damages for bodily injury resulting from alleged exposure to toxic chemicals. Exposure damages can be substantial. *Lasha v. Olin Corp.*, 91-459 (La. App. 3 Cir. 3/2/94), 634 So. 2d 1354 ($350,000); *Sandbom v. BASF Wyandotte Corp.,* 95-0335 (La. App. 1 Cir. 4/30/96), 674 So. 2d 349 ($250,000); *Haydel v. Hercules Transport, Inc.,* 94-1246 (La. App. 1 Cir. 4/7/95), 654 So. 2d 418, *writ denied*, 95-1172 (La. 6/23/95), 656 So. 2d 1019 ($25,000 in general damages).

24.

Plaintiff also alleges damages as a result of property damage and nuisance. These awards in Louisiana have also been considerable. *Markerson v. Composite Architectural*, 2017-1252 (La. App. 1 Cir. 7/10/18), 255 So.3d 1065 (husband and wife each awarded $20,000 as a result of a nuisance violation); *Mitter v. St. John the Baptist Parish*, 05-375 (La. App. 5 Cir. 12/27/05); 920 So.2d 263 (each plaintiff awarded $7,500 for mental anguish and loss of enjoyment of property when property was damaged from erosion, flooding, and standing water); *Enriquez v. Safeway Insurance Company*, 264 So.3d 648 (La. App. 2 Cir. 01/16/2019) ($1,250 per month inconvenience award for homeowners who could not enjoy their homes while awaiting repairs).

25.

Considering the potential amount that Plaintiff could be awarded for his claims as outlined in the Class Petition, the amount he has placed in controversy for just his damages exceeds the $75,000 jurisdictional threshold.

2. **Potential Class Attorneys' Fees**

26.

Additionally, the potential attorney's fees recoverable by the class (all of which are attributable to Plaintiff's claim for the purpose of determining the jurisdictional amount)

emphasize that the amount in controversy exceeds $75,000, exclusive of interest and costs, under § 1332(a).

27.

The amount of the attorneys' fees at issue is largely a function of the size of the putative class and the amount of the class members' damages.

28.

With regard to the size of the putative class, the Class Petition is evasive. The class is defined as all persons "residing in the Parishes of St. Bernard and/or Orleans . . . who have sustained legally cognizable damages . . . ." Class Petition, ¶ 18.

29.

As numerous courts have recognized, that type of class definition, known as a "fail-safe" class definition, is improper because it includes subjective criteria (*e.g.,* persons "who have legally cognizable damages"). A "fail-safe" class definition is improper because the makeup of the class cannot be determined until after the trial on the merits is concluded. In other words, the case would have to be tried before the class could be certified. For that reason, a class definition can only include objective criteria (*e.g.*, "persons . . . residing in the Parishes of St. Bernard and/or Orleans").

30.

In evaluating such "fail-safe" class definitions for amount in controversy removal purposes, courts disregard the subjective portion of the class definition and focus solely on the objective portions. Under that approach, the number of class members would be the combined populations of the number of persons residing in St. Bernard and Orleans Parishes since that is the only objective portion of the class definition (*i.e.,* "persons . . . residing in the Parishes of St. Bernard and/or Orleans").


31.

However, even trying to apply Plaintiff's improper "fail-safe" class definition, the number of class members would still at least be in the hundreds.

32.

Plaintiff did not define the area impacted by the alleged fire in the Class Petition. Nonetheless, as noted, simultaneously with the filing the Class Petition, the same counsel filed the nearly identical Mass Joinder Petition, which overlaps almost entirely with the allegations in the Class Petition.

33.

Indeed, although Plaintiff is not one of the 48 individual plaintiffs in the Mass Joinder Petition, his family members are and they seek property damages for the exact same property address for which Plaintiff seeks property damages in the Class Petition.[2]

34.

Attached as Exhibit C is a map showing the addresses of the 48 Mass Joinder Plaintiffs. Using the property addresses of the 48 Mass Joinder Plaintiffs (who claim to have been impacted by the fire) as basic boundaries for the sake of argument, clearly at least hundreds of individuals live within those basic boundaries. In other words, hundreds of individuals are potential class members.

35.

Using a very conservative estimate of 100 class members and a potential damages award for each class member in line with the analysis outlined above for Plaintiff's damages claim, the

---

[2] The Class Petition provides the street address for Plaintiff's residence and the Mass Joinder Petition provides the street addresses for the 48 individual plaintiffs' residences. *See* Class Petition, ¶ 1 and Mass Joinder Petition, Exhibit 1.

amount of potential attorneys' fees alone would clearly exceed $75,000, exclusive of interest and costs. The amount in controversy for the class damages would be in excess of $7.5 million, so attorney's fees (which are generally in the range of 10 to 40 percent of a class recovery) would be above $75,000.

### C. Summary

36.

Thus, the amount in controversy for Plaintiff's individual damages plus the potential attorney's fees for the class, either separately or in combination, exceed the $75,000 jurisdictional threshold.

37.

La. C.C.P. art. 893 provides that while no specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand, "if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages, . . . a general allegation that the claim exceeds or is less than the requisite amount is required." There is no allegation in the Class Petition stating that Plaintiff's recovery will be less than $75,000.

38.

In addition, although Plaintiff has filed a separate stipulation designed to avoid federal subject matter jurisdiction, it has no applicability here, is unenforceable, is self-contradictory, and is legally deficient. *See, e.g., Badeaux v. Goodell*, 358 F. Supp. 3d 562, 572 (E.D. La. 2019) (amount in controversy stipulations by putative class representatives cannot bind the absent class members); *Pendleton v. Parke-Davis*, 2000 U.S. Dist. LEXIS 18410, *15 (E.D. La. Dec. 7, 2000) (same).

## II. Diversity Jurisdiction Under 28 U.S.C. § 1332(d)

39.

This Court also has diversity jurisdiction under 28 U.S.C. § 1332(d), known as the Class Action Fairness Act of 2005 ("CAFA").

40.

Jurisdiction exists under CAFA if the underlying lawsuit alleges that the matter is a "class action," "any member of a class of plaintiffs is a citizen of a State different from any defendant," and "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).

41.

In the Class Petition, Plaintiff clearly seeks to certify the matter as a class action. Class Petition, ¶ 17.

42.

In addition, "any member of [the] class of plaintiffs is a citizen of a State different from any defendant." As noted above, Plaintiff is a citizen of the State of Louisiana and ASR is a citizen of the States of Delaware and Florida.

43.

Finally, "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." As noted above, the class includes hundreds of class members. As also noted above in paragraph 35, the amount in controversy for the class members' potential damages and the potential class attorneys' fees exceeds $5 million exclusive of interest and costs.[3]

---

[3] As stated above, the numbers outlined herein for damages and attorneys' fees are based on what Plaintiff has placed in controversy with the allegations in the Class Petition. ASR reserves

44.

Thus, all requirements for CAFA jurisdiction are satisfied here.

45.

No CAFA exception is relevant or applicable here, and Plaintiff would bear the burden for proving any such exception. For example, with regard to the exception relating to whether the putative class exceeds 100 members, as noted above, the putative class clearly exceeds that number.

46.

Plaintiff's stipulation designed to avoid federal jurisdiction has no applicability here, is unenforceable, is self-contradictory, and is legally deficient. *See* paragraph 38, above.

## **REMOVAL IS TIMELY AND PROPER**

47.

Plaintiff filed the Class Petition on August 25, 2021, and ASR was not served until October 14, 2021. *See* Exhibit D. Thus, this Notice of Removal is timely because it is being filed within thirty (30) days of service of the Class Petition on ASR.

48.

Venue is proper in this Court pursuant to 28 U.S.C. §§ 1446 and 1453, as the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, is located within the district of the Eastern District of Louisiana. 28 U.S.C. § 98(a).

49.

Pursuant to 28 U.S.C. §§ 1446 and 1453, a copy of all process, pleadings and orders purportedly served on ASR prior to removal is attached to this Notice of Removal as Exhibit A.

---

any and all rights to contest, both factually and legally, that these numbers have any relevance to the present matter.

50.

By virtue of this Notice of Removal, ASR does not waive its right to assert any claims, defenses, or other motions permitted under the Federal Rules of Civil Procedure, including contesting personal jurisdiction and service, or any other positions or defenses allowed under any laws or rules that are or could be applicable to this case, and ASR reserves any and all such rights.

51.

Undersigned counsel certifies that a notice of filing of this removal, along with a copy of this Notice of Removal, will be promptly filed with the clerk of the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana. Also, ASR will promptly provide written notice of the filing of this Notice of Removal to counsel for Plaintiff.

52.

Based on the foregoing, this Court has original jurisdiction of this case. Removal of this action to this Court is proper pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

WHEREFORE, Defendant American Sugar Refining, Inc. respectfully prays that this Notice of Removal be deemed good and sufficient.

Respectfully submitted,

/s/ Thomas A. Casey, Jr.
JOSEPH J. LOWENTHAL, JR. (08909), T.A.
THOMAS A. CASEY, JR. (01291)
MEGHAN E. SMITH (34097)
JONES WALKER LLP
201 St. Charles Avenue, 51st Floor
New Orleans, Louisiana 70170
Direct Telephone: (504) 582-8240
Direct Facsimile: (504) 589-8240
jlowenthal@joneswalker.com
tcaseyjr@joneswalker.com
msmith@joneswalker.com
ehenry@joneswalker.com

*Attorneys for Defendant, American Sugar Refining, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of October, 2021, a copy of the foregoing pleading was filed electronically with the Clerk of Court of the United States District Court for the Eastern district of Louisiana by using the electronic filing system and that a copy of the foregoing pleading was served upon counsel for Plaintiff by e-mail the same date.

*/s/ Thomas A. Casey, Jr.*